**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FREEDOM SCIENTIFIC BLV
GROUP, LLC,

    Plaintiff,

v.                                                         Case No: 8:13-cv-569-T-30TBM

ORIENT SEMICONDUCTOR
ELECTRONICS, LTD.,

    Defendant.

_____

**ORDER**

    THIS CAUSE comes before the Court upon the Plaintiff's Motion for Sanctions (Dkt. #19) and Defendant's Response in Opposition to the Motion and Motion to Strike Motion for Sanctions with Imposition of Sanctions against Plaintiff (Dkt. #21). Upon review and consideration, it is the Court's conclusion that Plaintiff's Motion and Defendant's Motion should be denied.

    Plaintiff, Freedom Scientific BLV Group, LLC ("Freedom Scientific") brings its Motion requesting sanctions against Defendant Orient Semiconductor Electronics, Ltd. ("OSE"). Plaintiff asserts that OSE either did not attend the mediation in good faith or alternatively failed to have a representative with full settlement authority attend the mediation.

Middle District of Florida Local Rule 9.05(c) provides that "all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court." Further, in the Order Referring the Case to Mediation (Dkt. #14), this Court required that the representatives at the mediation have full authority to settle the case. The Order further required that "should any of the parties fail to comply with the terms of this Order, appropriate sanctions may be imposed."

The parties attended mediation on December 11, 2013. Three representatives appeared on behalf of Freedom Scientific along with its attorney at the mediation. One representative, Sonia Lee, appeared on behalf of OSE along with OSE's attorney. Sonia Lee flew in from Taiwan to attend the mediation, and was also scheduled for a deposition the following day. Sonia Lee is the manager of the company's Project Management Department, Finished Goods Group. Based on Ms. Lee's deposition, she is familiar with the accounts involved in this litigation and has worked with Freedom Scientific regarding the disputes at issue. The mediation went from 9:15 a.m. until approximately 1:00 p.m.

The mediator's report indicates that "none of the alternative outcomes provided in the standard mediation report form or referenced in Local Rule 9.06(a) [settled, continued or impassed] is applicable to the mediation conference in this case." He commented that the parties indicated that they would consider continuing mediation. He chose not to comment further on the conference, as it would be inappropriate in light of the mediator

privilege. Lastly the mediator's report indicated that the corporate representatives and trial counsel present at the mediation "each possessed the requisite settlement authority."

Plaintiff's basis for accusing OSE of conducting the mediation in bad faith is that the Defendant's representative told the mediator that she would not respond to Plaintiff's offer and "could not get authority to do so." Defendant denies that any of its representatives made that statement. The Plaintiff also indicates Lee's lack of corporate authority in her deposition, but fails to cite to any specific portion of the deposition that supports that statement. Lastly, Plaintiff accuses Defendant of bad faith based on its failure to respond to the last offer made, and leaving the mediation without notice to Plaintiff. Plaintiff relies on several cases imposing sanctions for conduct at mediation. However, those cases are distinguishable since all of them involved parties who failed to appear at the mediation and are therefore not persuasive.

Since Sonia Lee appeared at the mediation as OSE's corporate representative and the mediator's report states that the parties had full settlement authority, the Court concludes that OSE met its obligation under the Order Referring Parties to Mediation and the Local Rules. Further, since the report lacks any indication that the parties did not conduct the mediation in good faith, the Court denies Freedom Scientific's Motion for Sanctions. *See Those Certain Underwriters at Lloyd's, London v. GMC Land Services, Inc.*, 06-60325-CIV, 2007 WL 3306964 (S.D. Fla. 2007) (denying defendant's motion for sanctions in part because mediator did not indicate that the parties failed to participate in good faith or otherwise engaged in inappropriate conduct.)

3

OSE argues that Freedom Scientific violated Middle District of Florida Local Rule 9.07(b) by improperly disclosing matters discussed at mediation   The rule states that all proceedings and statements made by any party is privileged in all respects and may not be reported to the trial court. Therefore, OSE seeks sanctions for violation of the rule and moves to strike Freedom Scientific's Motion.

Defendant relies on Middle District of Florida cases that have imposed sanctions under similar circumstances. *See e.g. Coleman v. Circle K Corp.*, 6:10-CV-1425-ORL-28, 2011 WL 6182110 (M.D. Fla. 2011) *report and recommendation adopted sub nom. Coleman v. Circle K Stores, Inc.*, 6:10-CV-1425-ORL-28, 2011 WL 6181444 (M.D. Fla. 2011).   However, those cases are distinguishable since the Case Management Orders in those cases specifically state "that the Court will sanction any attorney or party who does not participate in good faith at the mediation conference" and prescribes that the mediator has to "report any conduct of a party or counsel that falls short of a good faith effort to resolve the case ... or fails to comply with this Order.*" Id.*   In this case, there is no equivalent requirement that the mediator report on a party's lack of good faith in the Court's Case Management Order.   Therefore, Freedom Scientific's only recourse to challenge the issues regarding Sonia Lee's authority and OSE's good faith was to file a Motion for Sanctions. The Court therefore denies OSE's Motion to Strike.

It is therefore ORDERED AND ADJUDGED that:

1.  Plaintiff's Motion for Sanctions (Dkt. #19) is DENIED.

4

2. Defendant's Motion to Strike Motion for Sanctions with Imposition of Sanctions against Plaintiff (Dkt. #21) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of January, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2013\13-cv-569 sanctions 19.docx